

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| REYNALDO CARRASQUILLO <br> Plaintiff <br> v. <br><br> ANTHONY REGINALD DIDONATO <br> T/A RAPID RECOVERY CREDIT & <br> COLLECTIONS <br> Defendant | Civil Case No. 3:10CV227 <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

## COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Reynaldo Carrasquillo, Plaintiff, bringing this complaint against Anthony Reginald DiDonato T/A Rapid Recovery Credit & Collections (hereinafter "Rapid Recovery"), saying:

### PARTIES

1. Plaintiff Reynaldo Carrasquillo is a natural person.

2. On information and belief, Rapid Recovery is a sole proprietorship owned by Anthony Reginald DiDonato, who registered the trade name "Rapid Recovery Credit & Collections" with Fairfax County Circuit Court in 2002.

3. Service may be effected on Defendant Rapid Recovery at:

   **Anthony Reginald DiDonato**
   **Rapid Recovery Credit & Collections**
   **4085 Chain Bridge Road**
   **Fairfax, VA 22030**

4. Alternatively, the Defendant may be served at:

**Anthony Reginald DiDonato**
**Rapid Recovery Credit & Collections**
**10560 Main St., Suite 419**
**Fairfax, VA 22030**

5. Defendant is a company engaged in the business of collecting debts by mail or telephone. Defendant regularly collect debts owed or due or asserted to be owed or due to another.

6. This is a complaint for violation of the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.*

## JURISDICTION

7. Jurisdiction of this Court arises under 15 USC § 1692k(d) and 28 USC §§ 1331 and 1337.

## JURY TRIAL DEMAND

8. Plaintiff Reynaldo Carrasquillo hereby demands that all issues in this case triable by a jury be so tried.

## STATEMENT OF FACTS

9. Reynaldo Carrasquillo incurred a debt with Town Center Chiropractic for personal, family, or household use (hereinafter "the debt").

10. The debt was assigned, transferred, or otherwise sold to Defendant Rapid Recovery to assist in collection of the debt.

11. On January 19, 2009, Defendant Rapid Recovery contacted Mr. Carrasquillo by mail in an effort to collect the debt.

12. In approximately the first week of February of 2009, Defendant Rapid Recovery called Mr. Carrasquillo about the debt.

13. Mr. Carrasquillo agreed orally to make a one-time payment of $100 to Rapid Recovery on February 13, 2009.

14. That payment was withdrawn from Mr. Carrasquillo's bank account on February 17, 2009.

15. Mr. Carrasquillo agreed to begin automatic bill payments from his bank, PNC, to Defendant Rapid Recovery in March 2009.

16. On March 18, 2009, PNC generated a check for $100 for Rapid Recovery from Mr. Carrasquillo's bank account, with his permission.

17. On April 3, 2009, Defendant Rapid Recovery used the debit card information provided by Mr. Carrasquillo in February to charge his account an additional $100.

18. The $100 Defendant Rapid Recovery withdrew from Mr. Carrasquillo's account on April 3, 2009 was not authorized by nor consented to by Mr. Carrasquillo.

19. Mr. Carrasquillo contacted Defendant Rapid Recovery, and was told someone would "look into it" and refund the money to Mr. Carrasquillo's account.

20. The money was never, in fact, returned to Mr. Carrasquillo by Rapid Recovery.

21. On April 16, 2009 and June 24, 2009, PNC generated checks for $100 for Rapid Recovery from Mr. Carrasquillo's bank account, with his permission.

22. On June 26, 2009 Defendant Rapid Recovery used the account information

provided by Mr. Carrasquillo to generate a check for $100.

23. The check dated June 26, 2009 was not authorized by nor consented to by Mr. Carrasquillo.

24. This unauthorized check allowed Defendant Rapid Recovery to withdraw $100 from Plaintiff Carrasquillo's account.

25. On July 22, 2009, PNC generated a check for $100 for Rapid Recovery from Mr. Carrasquillo's bank account, with his permission.

26. On August 18, 2009 Defendant Rapid Recovery used the account information provided by Mr. Carrasquillo to generate a check for $100.

27. The check dated August 18, 2009 was not authorized by nor consented to by Mr. Carrasquillo

28. This unauthorized check allowed Defendant Rapid Recovery to withdraw $100 from Plaintiff Carrasquillo's account.

29. On October 29, 2009, PNC generated a check for $50 for Rapid Recovery from Mr. Carrasquillo's bank account, with his permission

30. On November 2, 2009 Defendant Rapid Recovery used the account information provided by Mr. Carrasquillo to generate a check for $20.

31. The check dated November 2, 2009 was not authorized by nor consented to by Mr. Carrasquillo

32. This unauthorized check allowed Defendant Rapid Recovery to withdraw $20 from Plaintiff Carrasquillo's account.

33. None of the money Defendant Rapid Recovery withdrew from Mr.

Carrasquillo's bank account without his authorization or consent was ever returned.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ANTHONY REGINALD DIDONATO T/A RAPID RECOVERY CREDIT & COLLECTIONS

34. Plaintiff restates herein all previous paragraphs.

35. Defendant Rapid Recovery was collecting or attempting to collect a debt from Plaintiff Reynaldo Carrasquillo originally owed to Town Center Chiropractic.

36. Defendant Rapid Recovery agreed to repayment terms for that debt with Plaintiff Carrasquillo.

37. In fact, Plaintiff Carrasquillo was making payments to Defendant Rapid Recovery consistent with that oral agreement.

38. Nevertheless, Defendant was making additional unauthorized withdrawals from Mr. Carrasquillo's bank account.

39. On April 3, June 26, August 18, and Nov 2, 2009, Defendant Rapid Recovery withdrew money from Mr. Carrasquillo's account without his authorization or consent.

40. Collecting any amount from a consumer that was not expressly authorized by the consumer or permitted by law constitutes unfair or unconscionable means to collect a debt.

41. Using such unfair or unconscionable means to collect a debt is a violation of 15 USC § 1692f(1) of the Fair Debt Collection Practices Act.

42. Moreover, withdrawing money from a consumer's bank account without their consent is an abusive debt collection practice.

43. Engaging in abuse of a consumer in connection with collection of a debt is a violation of 15 USC § 1692d of the Fair Debt Collection Practices Act.

44. Withdrawing money from a consumer's bank account without their consent constitutes using false representations or deceptive means in collecting a debt.

45. Using false representations or deceptive means to collect or attempt to collect any debt is a violation of 15 USC § 1692e(10) of the Fair Debt Collection Practices Act.

46. As a result of Defendant Rapid Recovery's numerous unauthorized withdraws in violation of the Fair Debt Collection Practices Act, Plaintiff Carrasquillo has suffered financial hardship.

47. As a result of Defendant Rapid Recovery's numerous unauthorized withdraws in violation of the Fair Debt Collection Practices Act, Plaintiff Reynaldo Carrasquillo has suffered emotional damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reynaldo Carrasquillo prays this honorable court:

1. Enter a declaratory judgment that the conduct of Anthony Reginald DiDonato T/A Rapid Recovery Credit & Collections violated the Fair Debt Collection Practices Act.

2. Award Plaintiff Reynaldo Carrasquillo actual damages pursuant to 15 USC

§ 1692k of the Fair Debt Collection Practices Act.

3. Award Plaintiff Reynaldo Carrasquillo statutory damages in the amount of $1,000, pursuant to 15 USC § 1692k of the Fair Debt Collection Practices Act.

4. Award costs and reasonable attorneys' fees for the present action.

5. Order such other and further relief as may be just.

RESPECTFULLY SUBMITTED,
REYNALDO CARRASQUILLO

By: _____
Joelle E. Gotwals, VSB 76779
Counsel for Plaintiff
Law Office of Robert Weed
7900 Sudley Road, Suite 409
Manassas, VA 20109
(434)-993-5101
Fax: 703-369-2696
joelle@robertweed.com