UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

REYNALDO CARRASQUILLO,

                                Plaintiff,

   v.                                                 Civil Action No. 3:10–CV–227

ANTHONY REGINALD DIDONATO,

                                Defendant.

**MEMORANDUM OPINION**

THIS MATTER came before the Court on a bench trial on March 30, 2011, with Plaintiff Reynaldo Carrasquillo and Defendant Anthony Reginald Didonato present. The Plaintiff was represented by counsel, and the Defendant proceeded *pro se*. The Court, having considered the evidence below and the entire record herein, makes the Finding of Facts and Conclusions of Law that follow and renders a verdict for the Defendant.

**I. EVIDENCE**

**A. Evidence Presented by the Plaintiff**

Carrasquillo incurred a debt with Town Center Chiropractic for chiropractic services and was delinquent in paying his bill. Eventually, the debt was referred to Rapid Recovery Credit and Collections ("Rapid Recovery"). The Defendant Anthony Didonato is a principal of Rapid Recovery and acted on its behalf.

Rapid Recovery sent a letter dated January 19, 2009, to the Plaintiff in an attempt to collect the outstanding debt. The Plaintiff responded to the collection letter by calling the collection agency. He spoke with the Defendant and after some discussion, a payment

1

arrangement was established. According to the Plaintiff, the arrangement was that he would make a $100.00 payment once per month (around the twentieth of the month) and all payments were to be credited to his account. His sister was not involved.

The Plaintiff authorized the first payment via his debit card. Then the Plaintiff told the Defendant that he would make payments through his online bill-pay system. The second payment was made through the online bill-pay system. An authorized debit card payment of $100.00 was taken two weeks later. The Plaintiff complained to his bank about the debit card payment, and the bank temporarily stopped the transaction. After the bank investigated, however, the transaction cleared and the debit payment was made. The Plaintiff made several additional payments through the online bill-pay system.

At some point, the Plaintiff noticed funds going from his account to Rapid Recovery through check payments he did not authorize. The checks appearing in Plaintiff's Exhibits 9, 13, 17, 18, and 20 are alleged to be unauthorized. These checks total $240.00.

**B. Evidence Presented by the Defendant**

Carrasquillo was delinquent in his payments to Town Center Chiropractic, and his debt was turned over to collection agency Rapid Recovery Credit and Collections. Rapid Recovery sent five letters to Carrasquillo seeking to collect the debt. On February 13, 2009, the Plaintiff called Rapid Recovery and discussed the matter with the Defendant. A payment plan was established whereby the Plaintiff would pay $100.00 every two weeks. Of that $100.00 payment, $50.00 would go the Plaintiff's account, and $50.00 would go to an account belonging to his sister Sandra.

The Plaintiff gave the Defendant his debit card information with guidance not to use it until February 17, 2009. Didonato ran that payment, which cleared, and credited the

2

Carrasquillo's account $100.00. The Defendant ran the card two weeks later, on March 1, 2009, but the card was declined. The Plaintiff sent a check for $100.00, which was credited on March 18, 2009.

Two weeks later, the Defendant ran the debit card, and it went through for $100.00. The Plaintiff, however, contacted the bank, which put a hold on the funds. The bank investigated and determined that the claim was legitimate based on an established payment plan. The bank charged the $100.00 to the Plaintiff's account. Two weeks later, Defendant tried to run the debit card again, but it was declined. Later, the Plaintiff gave the Defendant information for his Riggs National Banks checking account so that the Defendant could run checks. The Defendant had a check created and deposited it into the account.

Carrasquillo had difficulty making subsequent payments, so in October the agreed-upon payment amount went from $100.00 to $50.00. On November 2, 2009, he called Didonato and said he could only make $20.00 payments. That amount later decreased to $10.00.

Collection efforts were active over 18 months, during which time Carrasquillo made 12 of the 36 payments that he was supposed to make. The 12 payments were credited to either Carrasquillo's account or his sister's account.

Lawsuits were filed against the Plaintiff and his sister on March 21, 2011.

## II.  **FINDING OF FACT**

Plaintiff Carrasquillo has failed to prove by a preponderance of the evidence that either Rapid Recovery or Defendant Didonato took money out of his account without his permission to satisfy the outstanding debt.

## III. CONCLUSIONS OF LAW

### A. Unfair or Unconscionable Means

The Plaintiff alleges that the Defendant used unfair and unconscionable means to collect a debt, in violation of the Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692f. The FDCPA specifically prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1).

The Court finds that the Plaintiff has failed to show that the Defendant's collection of funds was not expressly authorized by their agreed-upon payment plan. The Court concludes that because of this failure of proof, the Plaintiff has not met the legal requirements of 15 U.S.C. § 1692f(1).

### B. Abuse of a Consumer

The Plaintiff further alleges that the Defendant engaged in abusive debt collection by withdrawing money from his account without consent in violation of the FDCPA. The FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

The Court finds that the Plaintiff has failed to show that the Defendant harassed, oppressed, or abused him by withdrawing money from his bank account without consent. The Court concludes that because of this failure of proof, the Plaintiff has not met the legal requirements of 15 U.S.C. § 1692d.

## C. <u>False Representations or Deceptive Means</u>

Finally, the Plaintiff alleges that the Defendant used false representations and deceptive means to collect a debt by withdrawing money from his account without consent in violation of the FDCPA. *See* 15 U.S.C. § 1692e. The FDCPA specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

The Court finds that the Plaintiff has failed to show that the Defendant made false representations or used deceptive means to collect his debt. The Court concludes that because of this failure of proof, the Plaintiff has not met the legal requirements of 15 U.S.C. § 1692e.

## IV. <u>VERDICT</u>

Having made this Finding of Fact and these Conclusions of Law, the Court renders a verdict for the Defendant.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Defendant and to all counsel of record.

An appropriate Judgment and Order shall issue.

                                              _____/s/_____
                                              James R. Spencer
                                              Chief United States District Judge

ENTERED this    15th    day of June 2011.